IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**MYA SARAY, LLC**

    Plaintiff

  v.

**SAHNI'S ENTERPRISES, INC.,**

Et al.

    Defendants

Docket No. 1:2016cv275

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO
AMEND (SECOND) THE COMPLAINT**

## INTRODUCTION

Plaintiff Mya Saray, LLC ("Mya Saray") filed its initial complaint against Defendants on March 11, 2016. The initial complaint included causes of action for unfair competition, patent infringement, fraud, and breach of contract. Ct. Dkt. 1. Upon discovery of a new series of Defendants' products that infringed a patent not asserted in the initial complaint, Mya Saray moved for leave to amend (first) its initial complaint on April 8, 2016. Ct Dkt. 5. This Court ordered entry of this amended complaint ("First Amended Complaint") that same day. Ct Dkt. 6 (Order) and Ct Dkt. 7 (First Amended Complaint).

The First Amended Complaint served as the template for the issuance of a preliminary relief order and withstood a motion to dismiss. See Ct. Dkt. 30 (Order on Motion to Dismiss) and Ct Dkt. 40 (Preliminary Relief Order). At least one primary event justifies the present amendment: Mya Saray's trademark application for its Swirl Logo issued on July 12, 2016 as U.S. TM Reg. No. 4,998,376 ("the '376 registration"). Any factual elaborations accompanying the additional cause of action for registered trademark infringement should be allowed as they simply lead to greater clarification of issues.

Mya Saray through this motion seeks entry of a Second Amended Complaint, which excises causes of action previously found unfit by this Court, and includes a claim for registered trademark infringement of the '376 Registration. *See* Second Amd. Complaint, pars. 93-97. Mya Saray further elaborates the bases of its contributory infringement claims related to defendants' patent infringement activities – notwithstanding that these claims withstood defendant's motion to dismiss. *See e.g.*, Second Amd. Complaint, pars. 44-47.

1

**ARGUMENT**

**I. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SHOULD BE GRANTED**

**A. Motion for Leave to Amend Standard.**

It is well-established that requests to amend are freely granted. Indeed, Fed. R. Civ. P. 15(a)(2) expressly provides that "The court should freely give leave when justice so requires." Requests for leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). Delay is a sufficient reason to deny leave to amend only when accompanied by prejudice, bad faith, or futility. *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir.1980). None of the factors supporting a denial are present here.

**B. Prejudice to the Opposing Party**

<u>1. Prejudice Related to Plaintiff's New Claim</u>

Mya Saray added a claim: registered trademark infringement of the '376 Registration. A plaintiff is generally permitted to amend its complaint when confronted with new facts leading to a new cause of action. *Davis*, 615 F.2d at 613 (4th Cir.1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). Granting leave to amend a complaint to include a new cause of action is particularly appropriate when the plaintiff pled, and defendant is already aware of, the facts underlying the new claim. See, e.g., *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279-80 (4th Cir. 1987).

In *Island Creek*, a plaintiff sought leave to amend its complaint to address a new legal theory underlying facts that had already been pled. *Id*. at 279. The district court denied leave to amend, echoing the defendant's concerns that the claim called for new or additional discovery and probably additional expert witnesses. *Id*. at 279-80. The Fourth Circuit reversed the lower court, holding that the district court abused its discretion because the record indicated a lack of delay, and the facts underlying the new claim not only existed but also were addressed in discovery. *Id*. at 279-81.

Here, the facts underlying Mya Saray's new claim of registered trademark infringement existed prior to inclusion of the claim of Registered Trademark Infringement of the '376 Registration. The status of Mya Saray's Swirl Logo has merely undergone a metamorphosis from a common law trademark to a registered trademark. Mya Saray alerts Defendants to the existence of the common law trademark in its First Amd. Complaint, par. 20. Mya Saray already identified examples whereby Defendants used confusingly similar variations of the Mya Swirl Logo. First Amd. Complaint, pars. 31-32. That which was actionable under 15 U.S.C. §1125 is now actionable under 15 U.S.C. §1114.

The Defendant's bases for complaints at this point should be slight to non-existent. Defendant was fully aware of the basis of its infringement of the MYA Swirl Logo since the very first filing. Discovery has just started; and no Defendant, at the time of the drafting of this motion, has issued discovery requests of any variety. Furthermore, the availability of remedies under §1114 permits statutory damages, which although makes damages potentially more grave for Defendants, simplifies damages calculations and can only serve to streamline discovery.

2. Prejudice Related to Factual Elaborations.

3

It is a central public policy of the judiciary to ensure that cases are decided on the merits and with proper factual underpinnings. *See Smith v. Town of Clarkton, N.C.*, 682 F.2d 1055, 1059 (4th Cir.1982)("[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Thus, in exercising its discretion in the matter a district court should focus "on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants." *Davis*, 615 F.2d at 613. Granting Mya Saray's amendment to amend to elaborate facts would not prejudice Defendants in any regard.

Here, Plaintiff's proposed amendments related to factual elaborations will not prejudice Defendants because the amendment introduce no new theories of law. Rather, the amendment does nothing more than accurately elaborate the remedies available to Plaintiff, characterize the law, and/or plead facts accurately characterizing the circumstances related to the parties. Discovery has only just started; and no Defendant, at the time of the drafting of this motion, has issued discovery requests of any variety.

B. Bad Faith

Mya Saray has exhibited no bad faith related to the present amendment.

C. Futility

Leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face. *Davis*, 615 F.2d at 613 (4th Cir.1980). The proposed amendment is not frivolous, but rather accurately reflects the status of the MYA

Swirl Logo as the '376 Registration, and provides more detailed information regarding the present case.

## II. CONCLUSION

Plaintiff's proposed amendment to the Complaint should be allowed. The amendment is timely, as the latest trademark status changes finalized at the middle of the prior month. The amendment does not unfairly prejudice the Defendants because the scope of the alleged infringement has not changed, merely its consequences. Finally, the amendment is not futile because it effectively calls upon Title 15 for the benefits provided thereby. Mya Saray accordingly asks that the Court grant its Motion to Amend (Second), and that it enter the Second Amended Complaint submitted herewith.

Respectfully submitted,

By ___/s/_____
M. Keith Blankenship, Esq.
Attorney for Plaintiff
VSB# 70027
Da Vinci's Notebook, LLC
10302 Bristow Center Dr
No. 52
Bristow, VA 20136
703-581-9562
keith@dnotebook.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 15, 2016 I have filed electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notice of such filing to the counsel of record who are registered with the CM/ECF system.


                                                   _____/s/_____
                                                    M. Keith Blankenship