IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MYA SARAY, LLC, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00275 |
| | ) |
| SAHNI'S ENTERPRISES, INC., | ) |
| #1 WHOLESALE, LLC, | ) |
| THE HOOKAH HOOKUP, | ) |
| ALL FUN GIFTS, INC., | ) |
| HOOKAP-HOOKAH WHOLESALE & | ) |
| DISTRIBUTOR INC., *and* | ) |
| JOHN DOE(S), | ) |
| | ) |
| *Defendants*. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT BY THE COURT**

The Defendants Sahni's Enterprises, Inc., #1 Wholesale, LLC, The Hookah Hookup, All Fun Gifts, Inc., and Hookap-Hookah Wholesale & Distributor Inc. ("Hookap") (collectively for this response, the "Defendants"), by counsel respond to Plaintiff's Motion for Entry of Default by the Court (the "Plaintiff's Motion for Default").  (ECF No. 56-57).

The Plaintiff's Motion for Default should be denied for failure to comply with the procedural requirements of FED. R. CIV. P. 55.  The Plaintiff's Motion for Default requests "that the Court enter judgment by default against Hookap-Hookah Wholesale & Distributor Inc." (ECF No. 56, PageID #2394).  It appears therefore that the Plaintiff is seeking entry of default judgment by the Court pursuant to FED. R. CIV. P. 55(b).  Yet the Plaintiff has never actually sought *entry of* default pursuant to FED. R. CIV. P. 55(a).

FED. R. CIV. P. 55 is clearly divided into two steps, 55(a), "entering a default," and 55(b), "entering a default judgment." Of course, the Courts recognize the need to comply with the procedural first step under FED. R. CIV. P. 55(a). "Obtaining a default judgment is a two-step process. First, the Clerk of the Court must enter default." *Coles v. Land's Towing & Recovery, Inc.*, 2010 U.S. Dist. LEXIS 135565, at *4 (E.D. Va. Dec. 22, 2010). *See also United States v. Maull*, 2015 U.S. Dist. LEXIS 167236, at *2, 116 A.F.T.R.2d 6817 (E.D. Va. 2015) ("To obtain a default judgment, a party must first seek the entry of default under Rule 55(a) of the Federal Rules of Civil Procedure"). *See also State Farm Fire & Cas. Co. v. Rollins*, 2016 U.S. Dist. LEXIS 55613, at *3 (E.D. Va. Apr. 26, 2016); *Dryden v. Accredited Collection Agency, Inc.*, 2015 U.S. Dist. LEXIS 75285, at *4-5 (E.D. Va. June 10, 2015); and *J & J Sports Prods. v. Brutti's LLC*, 2014 U.S. Dist. LEXIS 177304 at *9 (E.D. Va. Dec. 23, 2014). Moreover, this Court has kindly provided a reminder to litigants that "counsel must file a request for entry of default, together with an affidavit in support of the default, prior to moving for default judgment." (http://www.vaed.uscourts.gov/resources/alexandriahints.html)

Despite the simple and clear nature of FED. R. CIV. P. 55, the Plaintiff has failed to comply. It is unclear if the Plaintiff thinks it can just "skip" the procedural requirement of entry of default under FED. R. CIV. P. 55(a) or if it is seeking to combine the two parts of the process into one. Regardless, the Defendants submit it would set an immensely harmful precedent, both in general and in this case, to award default judgment to the Plaintiff when the procedural requirements of FED. R. CIV. P. 55 have not been followed.

Since the Plaintiff has failed to comply with the FED. R. CIV. P. 55, and for the foregoing reasons, the Defendants respectfully submit that the Plaintiff's Motion for Default should be denied.

Additionally, Hookap is filling an answer to the Plaintiff's First Amended Complaint. Therefore, the Defendants submit it is improper for an entry of default to be made against Hookap.

Date: August 25, 2016     Respectfully,

    /s/
Rebecca J. Stempien Coyle (VSB# 71483)
LEVY & GRANDINETTI
1120 Connecticut Avenue, N.W., Suite 304
Washington, D.C. 20036
Telephone (202) 429-4560
Facsimile (202) 429-4564
mail@levygrandinetti.com

**Counsel for the Defendants**

**CERTIFICATE OF SERVICE**

I, Rebecca J. Stempien Coyle, certify that on August 25, 2016, I electronically filed the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT BY THE COURT by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Mr. M. Keith Blankenship
>DA VINCI'S NOTEBOOK, LLC
>10302 Bristow Center Drive, No. 52
>Bristow, Virginia 20136
>keith@dnotebook.com

>_____/s/_____
>Rebecca J. Stempien Coyle  (VSB # 71483)
>Counsel for the Defendants
>LEVY & GRANDINETTI
>1120 Connecticut Avenue, N.W., Suite 304
>Washington, D.C. 20036
>Telephone (202) 429-4560
>Facsimile (202) 429-4564
>mail@levygrandinetti.com