**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| MYA SARAY, LLC, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-00275 |
| | ) | |
| SAHNI'S ENTERPRISES, INC., | ) | |
| #1 WHOLESALE, LLC, | ) | |
| THE HOOKAH HOOKUP, | ) | |
| ALL FUN GIFTS, INC., | ) | |
| HOOKAP-HOOKAH WHOLESALE & | ) | |
| DISTRIBUTOR INC., *and* | ) | |
| JOHN DOE(S), | ) | JURY TRIAL DEMANDED |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANTS SAHNI'S ENTERPRISES, INC.,  #1 WHOLESALE, LLC,
AND THE HOOKAH HOOKUP'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

The Defendants Sahni's Enterprises, Inc. ("Sahni's Enterprises"), #1 Wholesale, LLC

("#1 Wholesale"), The Hookah Hookup ("Hookah Hookup") (collectively, the "Sahni

Defendants"), by their undersigned counsel answer the specific paragraphs and allegations of the

Second Amended Complaint as follows:

**THE PARTIES**

1.     The Sahni Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegation set forth in Paragraph 1 of the Second Amended

Complaint and, therefore, deny the same.

2.     The Sahni Defendants admit the content of Paragraph 2 of the Second Amended

Complaint.

3.      The Sahni Defendants deny that #1 Wholesale is an Illinois corporation.  The Sahni Defendants admit the remaining content set forth in Paragraph 3 of the Second Amended Complaint.

4.      The Sahni Defendants admit that Hookah Hookup is a chain of stores operating in Georgia, Tennessee, and North Carolina.  The Sahni Defendants admit that Hookah Hookup publicizes its retail stores via the domain name http://www.thehookahhookup.net.  The Sahni Defendants admit that whois.domaintools.com identifies SAHNI ENTERPRISE as the registrant organization of the domain name http://www.thehookahhookup.net.  The Sahni Defendants admit that a description of and link to more information regarding the Hookah Hookup appears on the website http://www.sahninet.com.  The Sahni Defendants deny the remainder of the content and allegations set forth in Paragraph 4 of the Second Amended Complaint.

5.      The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 5 of the Second Amended Complaint and, therefore, deny the same.

6.      The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 6 of the Second Amended Complaint and, therefore, deny the same.

7.      The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 7 of the Second Amended Complaint and, therefore, deny the same.

**JURISDICTION AND VENUE**

8.      The Sahni Defendants admit the Plaintiff purports to bring a civil action under

35 U.S.C. § 271, 15 U.S.C. §§ 1114 and 1125, and 28 U.S.C. §§ 1331, 1338(b), and 1367(a) for

patent infringement, federal trademark infringement, and federal unfair competition but deny

such claims exist or are brought in good faith.   The Sahni Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations set forth in

Paragraph 8 of the Second Amended Complaint against All Fun Gifts, Inc. ("All Fun"), or

Hookap-Hookah Wholesale & Distributor Inc. ("Hookap-Hookah") and, therefore, deny the

same.   The Sahni Defendants deny the remaining allegations set forth in Paragraph 8 of the

Second Amended Complaint.

**FACTS**

9.      The Sahni Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegation set forth in Paragraph 9 of the Second Amended

Complaint and, therefore, deny the same.

10.     The Sahni Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegation set forth in Paragraph 10 of the Second Amended

Complaint and, therefore, deny the same.

11.     The Sahni Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegation set forth in Paragraph 11 of the Second Amended

Complaint and, therefore, deny the same.

12.     The Sahni Defendants admit the United States Patent and Trademark Office

records show Mya Saray, LLC, as the owner of U.S. Patent No. 8,001,978.  The Sahni

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 12 of the Second Amended Complaint and, therefore, deny the same.

13.     The Sahni Defendants admit the United States Patent and Trademark Office records show Mya Saray, LLC, as the owner of U.S. Patent No. 7,806,123.  The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 13 of the Second Amended Complaint and, therefore, deny the same.

14.     The Sahni Defendants admit the United States Patent and Trademark Office records show Mya Saray, LLC, as the owner of U.S. Patent No. 8,573,229.  The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 14 of the Second Amended Complaint and, therefore, deny the same.

15.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 15 of the Second Amended Complaint and, therefore, deny the same.

16.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 16 of the Second Amended Complaint and, therefore, deny the same.

17.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 17 of the Second Amended Complaint and, therefore, deny the same.

18.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 18 of the Second Amended Complaint and, therefore, deny the same.

19.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 19 of the Second Amended Complaint and, therefore, deny the same.

20.     The Sahni Defendants admit the United States Patent and Trademark Office records show Mya Saray, LLC, as the owner of U.S. Registration No. 4,998,376.  The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 20 of the Second Amended Complaint and, therefore, deny the same.

21.     The Sahni Defendants admit that #1 Wholesale has distributed tobacco-related products and accessories for the Plaintiff.  The Sahni Defendants admit that #1 Wholesale placed an order with the Plaintiff in 2007, but over the next four years there was no business until December 2011.  The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 21 of the Second Amended Complaint, including how the Plaintiff defines "hookahs and hookah accessories for further distribution" and "surrounding areas" and, therefore, deny the same.  The Sahni Defendants deny the remaining allegations set forth in Paragraph 21 of the Second Amended Complaint.

22.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 22 of the Second Amended Complaint and, therefore, deny the same.

23.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 23 of the Second Amended Complaint and, therefore, deny the same.

24.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 24 of the Second Amended Complaint and, therefore, deny the same.

25.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 25 of the Second Amended Complaint and, therefore, deny the same.

26.     The Sahni Defendants admit that #1 Wholesale is a subsidiary of Sahni's Enterprises.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27.     The Sahni Defendants deny the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28.     The Sahni Defendants admit that Sahni's Enterprises imports the Jannat hookah and the Jay hookah for #1 Wholesale to distribute regionally and nationally, including to All Fun, Hookah Hookup, and Hookap-Hookah for retail sale.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29.     The Sahni Defendants admit that Sahni's Enterprises imports the Brianna hookah for #1 Wholesale to distribute regionally and nationally, including to All Fun, Hookah Hookup and Hookap-Hookah for retail sale.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30.     The Sahni Defendants admit that Sahni's Enterprises imports the Subzero hookah for #1 Wholesale to distribute regionally and nationally, including to All Fun, Hookah Hookup, and Hookap-Hookah for retail sale.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 30 of the Second Amended Complaint.

31.     The Sahni Defendants admit that Sahni's Enterprises imports the Chic hookah for #1 Wholesale to distribute regionally and nationally, including to All Fun, Hookah Hookup, and Hookap-Hookah for retail sale.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 31 of the Second Amended Complaint.

32.     The Sahni Defendants admit that Sahni's Enterprises imports the Sweep hookah and the Swirl hookah for #1 Wholesale to distribute regionally and nationally, including to All Fun, Hookah Hookup and Hookap-Hookah for retail sale.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 32 of the Second Amended Complaint.

33.     The Sahni Defendants admit that #1 Wholesale has ordered the Plaintiff's hookahs known as the Vento, QT, Gelato, and Bambino in the past.  #1 Wholesale ceased ordering these hookahs from the Plaintiff due to lack of inventory from the Plaintiff and poor customer service.  The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 33 of the Second Amended Complaint regarding the Plaintiff's hookah known as the CHIC and, therefore, deny the same.

The Sahni Defendants deny the remaining allegations set forth in Paragraph 33 of the Second Amended Complaint.

34.     The Sahni Defendants deny the allegations set forth in Paragraph 34 of the Second Amended Complaint.

35.     The Sahni Defendants deny the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 36 of the Second Amended Complaint and, therefore, deny the same.

37.     The Sahni Defendants admit that a #1 Wholesale catalog includes the Plaintiff's hookah accessories.  The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 37 of the Second Amended Complaint in regard to Hookap-Hookah and, therefore, deny the same.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 37 of the Second Amended Complaint.

38.     The Sahni Defendants deny the allegations set forth in Paragraph 38 of the Second Amended Complaint.

39.     The Sahni Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation set forth in Paragraph 39 of the Second Amended Complaint and, therefore, deny the same.

40.     The Sahni Defendants admit the United States Patent and Trademark Office

records show Mya Saray, LLC, as the owner of U.S. Patent No. 7,404,405.  The Sahni

Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

the remaining allegations set forth in Paragraph 40 of the Second Amended Complaint and,

therefore, deny the same.

41.     The Sahni Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegation set forth in Paragraph 41 of the Second Amended

Complaint and, therefore, deny the same.

42.     The Sahni Defendants admit that Sahni's Enterprises has imported, and

#1 Wholesale has distributed a hookah known as the Jamila hookah.  The Jamila hookah was

discontinued in or about 2012 and has not been imported by Sahni's Enterprises since that time.

The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 42 of the

Second Amended Complaint.

43.     The Sahni Defendants deny the allegations set forth in Paragraph 43 of the

Second Amended Complaint.

44.     The Sahni Defendants deny the allegations set forth in Paragraph 44 of the

Second Amended Complaint.

45.     The Sahni Defendants deny the allegations set forth in Paragraph 45 of the

Second Amended Complaint.

46.     The Sahni Defendants deny the allegations set forth in Paragraph 46 of the

Second Amended Complaint.

47.     The Sahni Defendants lack knowledge or information sufficient to form a belief

as to the truth or falsity of the allegation set forth in Paragraph 47 regarding the other Defendants and, therefore, deny the same.  The Sahni Defendants deny the remainder of the allegations set forth in Paragraph 47 of the Second Amended Complaint.

**CLAIMS FOR RELIEF**

**Count I.  Violation of 15 U.S.C. § 1125(a)**
**Unfair Competition and Deceptive Marketing**

48.     The Sahni Defendants incorporate by reference their responses to Paragraphs 1 to 43 of the Second Amended Complaint as though fully set forth herein.

49.     The Sahni Defendants deny the allegations set forth in Paragraph 49 of the Second Amended Complaint.

50.     The Sahni Defendants deny the allegations set forth in Paragraph 50 of the Second Amended Complaint.

51.     The Sahni Defendants deny the allegations set forth in Paragraph 51 of the Second Amended Complaint.

52.     The Sahni Defendants deny the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53.     The Sahni Defendants deny the allegations set forth in Paragraph 53 of the Second Amended Complaint.

54.     The Sahni Defendants deny the allegations set forth in Paragraph 54 of the Second Amended Complaint.

## Count II.  Violation of 15 U.S.C. § 1114
## Registered Trademark Infringement of the '439 Registration

55.     The Sahni Defendants incorporate by reference their responses to Paragraphs 1 to 54 of the Second Amended Complaint as though fully set forth herein.

56.     The Sahni Defendants deny the allegations set forth in Paragraph 56 of the Second Amended Complaint.

57.     The Sahni Defendants deny the allegations set forth in Paragraph 57 of the Second Amended Complaint.

58.     The Sahni Defendants deny the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59.     The Sahni Defendants deny the allegations set forth in Paragraph 59 of the Second Amended Complaint.

## Count III.  Violation of 15 U.S.C. § 1114
## Registered Trademark Infringement of the '440 Registration

60.     The Sahni Defendants incorporate by reference their responses to Paragraph 1 to 59 of the Second Amended Complaint as though fully set forth herein.

61.     The Sahni Defendants deny the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62.     The Sahni Defendants deny the allegations set forth in Paragraph 62 of the Second Amended Complaint.

63.     The Sahni Defendants deny the allegations set forth in Paragraph 63 of the Second Amended Complaint.

11

64.     The Sahni Defendants deny the allegations set forth in Paragraph 64 of the Second Amended Complaint.

## Count IV.  Violation of 15 U.S.C. § 1114
### Registered Trademark Infringement of the '276 Registration

65.     The Sahni Defendants incorporate by reference their responses to Paragraphs 1 to 64 of the Second Amended Complaint as though fully set forth herein.

66.     The Sahni Defendants deny the allegations set forth in Paragraph 66 of the Second Amended Complaint.

67.     The Sahni Defendants deny the allegations set forth in Paragraph 67 of the Second Amended Complaint.

68.     The Sahni Defendants deny the allegations set forth in Paragraph 68 of the Second Amended Complaint.

69.     The Sahni Defendants deny the allegations set forth in Paragraph 69 of the Second Amended Complaint.

## Count V.  Patent Infringement
### Infringement of the '978 Patent

70.     The Sahni Defendants incorporate by reference their responses to Paragraph 1 to 69 of the Second Amended Complaint as though fully set forth herein.

71.     The Sahni Defendants deny the allegations set forth in Paragraph 71 of the Second Amended Complaint.

72.     The Sahni Defendants deny the allegations set forth in Paragraph 72 of the Second Amended Complaint.

73.     The Sahni Defendants deny the allegations set forth in Paragraph 73 of the Second Amended Complaint.

74.     The Sahni Defendants deny the allegations set forth in Paragraph 74 of the Second Amended Complaint.

## Count VI.  Patent Infringement
## Infringement of the '123 Patent

75.     The Sahni Defendants incorporate by reference their responses to Paragraphs 1 to 74 of the Second Amended Complaint as though fully set forth herein.

76.     The Sahni Defendants deny the allegations set forth in Paragraph 76 of the Second Amended Complaint.

77.     The Sahni Defendants deny the allegations set forth in Paragraph 77 of the Second Amended Complaint.

78.     The Sahni Defendants deny the allegations set forth in Paragraph 78 of the Second Amended Complaint.

79.     The Sahni Defendants deny the allegations set forth in Paragraph 79 of the Second Amended Complaint.

## Count VII.  Patent Infringement
## Infringement of the '229 Patent

80.     The Sahni Defendants incorporate by reference their responses to Paragraphs 1 to 79 of the Second Amended Complaint as though fully set forth herein.

81.     The Sahni Defendants deny the allegations set forth in Paragraph 81 of the Second Amended Complaint.

82.     The Sahni Defendants deny the allegations set forth in Paragraph 82 of the Second Amended Complaint.

83.     The Sahni Defendants deny the allegations set forth in Paragraph 83 of the Second Amended Complaint.

84.     The Sahni Defendants deny the allegations set forth in Paragraph 84 of the Second Amended Complaint.

## Count VIII.  Violation of Va. Code § 18.2-214 *et seq*.
## Misrepresentation and Other Offenses Connected with Sales

85.     The Sahni Defendants incorporate by reference their responses to Paragraphs 1 to 84 of the Second Amended Complaint as though fully set forth herein.

86.     The Sahni Defendants deny the allegations set forth in Paragraph 86 of the Second Amended Complaint.

87.     The Sahni Defendants deny the allegations set forth in Paragraph 87 of the Second Amended Complaint.

## Count IX.  Patent Infringement
## Infringement of the '405 Patent

88.     The Sahni Defendants incorporate by reference their responses to Paragraphs 1 to 87 of the Second Amended Complaint as though fully set forth herein.

89.     The Sahni Defendants deny the allegations set forth in Paragraph 89 of the Second Amended Complaint.

90.     The Sahni Defendants deny the allegations set forth in Paragraph 90 of the Second Amended Complaint.

91.     The Sahni Defendants deny the allegations set forth in Paragraph 91 of the Second Amended Complaint.

92.     The Sahni Defendants deny the allegations set forth in Paragraph 92 of the Second Amended Complaint.

## Count X. Trademark Infringement
## Registered Trademark Infringement of the '376 Registration

93.     The Sahni Defendants incorporate by reference their responses to Paragraph 1 to 92 of the Second Amended Complaint as though fully set forth herein.

94.     The Sahni Defendants deny the allegations set forth in Paragraph 94 of the Second Amended Complaint.

95.     The Sahni Defendants deny the allegations set forth in Paragraph 95 of the Second Amended Complaint.

96.     The Sahni Defendants deny the allegations set forth in Paragraph 96 of the Second Amended Complaint.

97.     The Sahni Defendants deny the allegations set forth in Paragraph 97 of the Second Amended Complaint.

## GENERAL DENIAL

Unless specifically admitted above, the Sahni Defendants deny each and every allegation of the Plaintiff's Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth above in the Sahni Defendants' Answer to Plaintiff's Second Amended Complaint and without admitting any allegation of the Second

Amended Complaint not otherwise admitted, the Sahni Defendants aver and assert the following Affirmative Defenses.

### First Affirmative Defense

The Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Patent No. 8,001,978 either directly, contributorily, or by inducement.

### Third Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Patent No. 7,806,123 either directly, contributorily, or by inducement.

### Fourth Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Patent No. 8,573,229 either directly, contributorily, or by inducement.

### Fifth Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Patent No. 7,404,405 either directly, contributorily, or by inducement.

### Sixth Affirmative Defense

U.S. Patent No. 8,001,978 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.  The alleged invention covered in U.S. Patent No. 8,001,978 fails to satisfy the conditions for patentability specified in 35 U.S.C., including Sections 101, 102, 103, and 112 thereof.

16

**Seventh Affirmative Defense**

U.S. Patent No. 7,806,123 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.  The alleged invention covered in U.S. Patent No.7,806,123 fails to satisfy the conditions for patentability specified in 35 U.S.C., including Sections 101, 102, 103, and 112 thereof.

**Eighth Affirmative Defense**

U.S. Patent No. 8,573,229 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.  The alleged invention covered in U.S. Patent No. 8,573,229 fails to satisfy the conditions for patentability specified in 35 U.S.C., including Sections 101, 102, 103, and 112 thereof.

**Ninth Affirmative Defense**

U.S. Patent No. 7,404,405 is invalid, inoperable, unenforceable, and void under the Patent Laws of the United States.  The alleged invention covered in U.S. Patent No. 7,404,405 fails to satisfy the conditions for patentability specified in 35 U.S.C., including Sections 101, 102, 103, and 112 thereof.

**Tenth Affirmative Defense**

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 8,001,978 under the doctrine of equivalents.

**Eleventh Affirmative Defense**

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 7,806,123 under the doctrine of equivalents.

17

## Twelfth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 8,573,229 under the doctrine of equivalents.

## Thirteenth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Patent No. 7,404,405 under the doctrine of equivalents.

## Fourteenth Affirmative Defense

The Plaintiff has suffered no injury by any of the Sahni Defendants' activities.

## Fifteenth Affirmative Defense

The Plaintiff has no trademark rights in its alleged "BAMBINO Hookah product design," "VENTO Hookah product design," "CHIC Hookah product design," or "GELATO Hookah product design."

## Sixteenth Affirmative Defense

The Plaintiff has no trademark rights in its alleged "MYA Swirl Logo."

## Seventeenth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Trademark Registration No. 3,031,439 or No. 3,031,440.

## Eighteenth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Trademark Registration No. 3,845,276.

### Nineteenth Affirmative Defense

The Plaintiff is estopped by the doctrine of prosecution history estoppel from asserting infringement of U.S. Trademark Registration No. 4,998,376.

### Twentieth Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Trademark Registration No. 3,031,439.

### Twenty-First Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Trademark Registration No. 3,031,440.

### Twenty-Second Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Trademark Registration No. 3,845,276.

### Twenty-Third Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe U.S. Trademark Registration No. 4.998.376.

### Twenty-Fourth Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe the Plaintiff's alleged "BAMBINO Hookah product design," "VENTO Hookah product design," "CHIC Hookah product design," or "GELATO Hookah product design."

### Twenty-Fifth Affirmative Defense

Sahni's Enterprises, #1 Wholesale, and Hookah Hookup have never infringed and do not infringe the Plaintiff's alleged "MYA Swirl Logo."

### Twenty-Sixth Affirmative Defense

The actual use by the Sahni's Defendants of their accused products or other alleged

"uses" obviates any likelihood of confusion with any of the Plaintiff's alleged trademarks.

### Twenty-Seventh Affirmative Defense

The alleged misuse of any mark, if any, was inadvertent, unintentional, and made in good

faith.

### Twenty-Eighth Affirmative Defense

There has been no misleading description or false or misleading representation involving

any of the Plaintiff's alleged marks.

### Twenty-Ninth Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of fair use.

### Thirtieth Affirmative Defense

The Plaintiff brought this case in bad faith.

### Thirty-First Affirmative Defense

The Plaintiff failed to make a prior notice or demand of any claim.

### Thirty-Second Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of laches.

### Thirty-Third Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of estoppel.

### Thirty-Fourth Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of waiver.

## Thirty-Fifth Affirmative Defense

All of the Plaintiff's claims are barred under the doctrine of acquiescence.

## Thirty-Sixth Affirmative Defense

The Plaintiff failed to provide notice by using the symbol "™" or "®" with the use of one or more the Plaintiff's alleged marks and, therefore, the Plaintiff is limited to the type of damages that may be recovered.

## Thirty-Seventh Affirmative Defense

The Plaintiff should be barred from any recovery under 15 U.S.C. § 1117(b) or (c) for its failure to state a claim of use of a counterfeit mark.

## Thirty-Eighth Affirmative Defense

The Plaintiff should be barred from any recovery of damages against the Sahni Defendants for any infringement prior to giving them actual and proper notice under 35 U.S.C. § 287 due to the Plaintiff's failure to mark the patented articles properly under 35 U.S.C. § 287.

## Thirty-Ninth Affirmative Defense

The Plaintiff should be barred from any recovery under the patent statute, i.e., 35 U.S.C. § 285, because the Plaintiff's counsel failed to conduct the necessary pre-suit investigation and evaluation called for by the U.S. Court of Appeals for the Federal Circuit.

The Sahni Defendants reserve the right to assert additional defenses or affirmative defenses that may arise as discovery progresses or that they may otherwise become aware of during the course of this litigation.

Date:   September 30, 2016                           Respectfully,

                                        _____/s/_____
                                        Rebecca J. Stempien Coyle (VSB# 71483)
                                        LEVY & GRANDINETTI
                                        1120 Connecticut Avenue, N.W., Suite 304
                                        Washington, D.C. 20036
                                        Telephone (202) 429-4560
                                        Facsimile (202) 429-4564
                                        mail@levygrandinetti.com

                                        **Counsel for the Defendants**
                                        SAHNI'S ENTERPRISES, INC.
                                        #1 WHOLESALE, LLC
                                        THE HOOKAH HOOKUP

## CERTIFICATE OF SERVICE

I, Rebecca J. Stempien Coyle, certify that on September 30, 2016, I electronically filed

the foregoing DEFENDANTS SAHNI'S ENTERPRISES, INC., #1 WHOLESALE, LLC AND

THE HOOKAH HOOKUP'S ANSWER TO PLAINTIFF'S SECOND AMENDED

COMPLAINT AND AFFIRMATIVE DEFENSES  by using the CM/ECF system, which will

then send a notification of such filing (NEF) to the following:

> Mr. M. Keith Blankenship
> DA VINCI'S NOTEBOOK, LLC
> 10302 Bristow Center Drive, No. 52
> Bristow, Virginia 20136
> keith@dnotebook.com

>     /s/
> Rebecca J. Stempien Coyle  (VSB # 71483)
> Counsel for the Defendants
> LEVY & GRANDINETTI
> 1120 Connecticut Avenue, N.W., Suite 304
> Washington, D.C. 20036
> Telephone (202) 429-4560
> Facsimile (202) 429-4564
> mail@levygrandinetti.com